UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Respondent,

        v.

RODNEY DOUGLAS GRIFFEE,

        Petitioner.

Crim. No. 03-564-HA
Civ. No. 07-70024-HA

OPINION AND ORDER

HAGGERTY, District Judge:

        Petitioner Rodney Griffee is currently serving a seventy-seven month sentence in federal prison. This matter is before the court on petitioner's Second Amended Motion to Vacate or Correct Sentence [107] under 28 U.S.C. § 2255. The government responded [126]. No reply was filed. After considering the record and arguments presented, the court denies petitioner's motion.

**BACKGROUND**

        In February and March of 2001, petitioner sold methamphetamine on three occasions to a confidential informant (CI) supervised by law enforcement officers. Collectively, petitioner sold 147 grams of a mixture or substance containing methamphetamine to the CI, with laboratory analysis confirming that 71.4 grams of the total amount was actual methamphetamine.

1 - OPINION AND ORDER

In December 2003, the government filed an indictment against petitioner, charging him with three counts of Distribution of Methamphetamine in an amount greater than five grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1)(B)(viii).

On January 29, 2004, officers executing a search warrant at petitioner's place of business and residence found 23 boxes of pseudoephedrine and 18.6 grams of actual methamphetamine. After petitioner was placed in custody and advised of his Miranda rights, petitioner "told the officers that he knew he was facing a 110 months to life [sentence] and that he knew he needed to help himself out." Bates Aff. ¶ 4. He immediately began cooperating with officers, providing information that led to the arrest of another individual involved in the drug trade that same day.

On February 3, 2004, attorney Andrew Bates was appointed to represent petitioner. A week later, the first proffer meeting took place at the U.S. Attorney's Office. Over the next six months, petitioner provided "substantial assistance to the government in an effort to reduce his sentence." *Id*. at ¶ 7.

In August 2004, petitioner entered a guilty plea to count three of the indictment, pursuant to a written plea agreement that included the specific relevant conduct amount of 50-150 grams of actual methamphetamine and the anticipated base offense level of 32 in the federal sentencing guidelines. Sentencing was delayed for nearly two years, allowing petitioner to continue assisting the government and otherwise comply with the terms of his plea agreement.

In August 2006, a sentencing hearing was held. At the hearing, the Assistant United States Attorney (AUSA) observed that petitioner's cooperation went "well beyond what the Court normally sees" and that petitioner had "volunteer[ed] whatever information he has had in the past few years." Def. Ex. 8 at 4. Addressing the court, petitioner testified that he "had no problem cooperating. I didn't agree with what was going on. I was stuck in the middle of it."

2 - OPINION AND ORDER

*Id*. at 10.  Due to the substantial assistance that petitioner had provided the government, this court granted the government's motion for an eight level reduction.  This court then found the advisory guideline range to be 77-96 months and imposed the low end sentence of seventy-seven months incarceration.

## DISCUSSION

The Amended Motion to Vacate or Correct Sentence asserts several grounds for overturning petitioner's sentence.  Petitioner argues that he received ineffective assistance of counsel because plea counsel: (1) did not share discovery information with petitioner and (2) coerced petitioner into pleading guilty.  Petitioner also argues that he received ineffective assistance of counsel in a prior proceeding (Crim. No. 93-77), and that his sentence was inappropriately enhanced based upon this prior conviction.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that: (1) his or her "counsel's representation fell below an objective standard of reasonableness" and (2) the deficiencies in counsel's performance were prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-692 (1984).  Failure to make the required showing on either prong "defeats the ineffectiveness claim."  *Id*. at 700.

To establish the first prong of the *Strickland* test, petitioner must demonstrate that counsel performed outside the "wide range of professionally competent assistance" and that counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made."  *Strickland*, 466 U.S. at 690; *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985).  Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply

3 - OPINION AND ORDER

reasonableness under prevailing professional norms.'"  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).  The standard is "highly demanding."  *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).  A petitioner "must overcome a strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

To establish the second prong of the *Strickland* test, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.

        1.       **Ineffective Assistance of Counsel in Crim. No. 03-564**

Petitioner argues that he received ineffective assistance of counsel because his attorney withheld discovery information and coerced him into pleading guilty.  As an initial matter, this court notes that the only factual support for these allegations is petitioner's affidavit:  Petitioner's attorney denies withholding any discovery from petitioner or pressuring him to plead guilty.  In addition, petitioner's assertion that counsel threatened his children strains credulity.

Assuming for the sake of argument that his attorney's performance was deficient, petitioner cannot satisfy the second prong of the *Strickland* test.  "[T]he Supreme Court has held that a court is not required to address both components of the *Strickland* test in deciding an ineffective assistance of counsel claim 'if the defendant makes an insufficient showing on one.'"  *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697).  To satisfy the second prong of the *Strickland* test in the context of a plea agreement, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he

4 - OPINION AND ORDER

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner cannot establish that, but for counsel's errors, he would have insisted on going to trial. To the contrary, the record clearly indicates that petitioner's sole intention was to limit his prison time and exposure to additional criminal charges by cooperating with the government. Although petitioner claims that his attorney coerced him into pleading guilty, petitioner began cooperating with government agents days before his attorney was appointed. As discussed above, petitioner recognized the seriousness of the charges against him and immediately began assisting officers when he was arrested in January 2004. Petitioner continued cooperating with the government over the next two and a half year period, behavior that was described by the AUSA at the sentencing hearing as "extraordinary." Def.'s Ex. 8 at 4. In addition, petitioner himself testified at the sentencing hearing that he "had no problem cooperating" because he "didn't agree with what was going on" in his life. *Id*. at 10.

There is no support for petitioner's contention that, but for counsel's errors, he would have plead not guilty and insisted on going to trial. The record clearly demonstrates that petitioner voluntarily began cooperating with government agents and had no intention, at any point, of contesting the charges against him and proceeding to trial. Given petitioner's situation, pleading guilty to a single count and receiving a reduced sentence for cooperating provided a more favorable resolution than contesting the three counts. In addition, petitioner was able to avoid whatever additional charges the government could have filed based upon his criminal activities at the time of his arrest. Because petitioner cannot show that counsel's alleged deficiencies were prejudicial, this court concludes that petitioner cannot establish an ineffective assistance of counsel claim in Crim. No. 03-564.

5 - OPINION AND ORDER

### 2.    Ineffective Assistance of Counsel in Crim. No. 93-77

Petitioner also argues that his sentence in Crim. No. 03-564 was inappropriately enhanced due to a 1994 conviction in Crim. No. 93-77. The Supreme Court has clarified that most prior convictions are not subject to collateral attack. In *Daniels v. United States*, the Court held that:

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

532 U.S. 374, 383 (2001). A limited exception to the rule that a prior conviction cannot be challenged collaterally exists when there was a failure to appoint counsel in violation of the Sixth Amendment. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963) (holding that indigent criminal defendants have a Sixth Amendment right to court-appointed counsel)). "The special status of *Gideon* claims in this context is well established in our case law." 532 U.S. at 404.

Petitioner has not shown that this matter falls within the narrow exception outlined in *Lackawanna*. Petitioner argues that his 1994 conviction is flawed because his attorney, Colleen Scissors, provided ineffective assistance of counsel. Although petitioner argues that Scissor's performance was deficient, it is undisputed that petitioner was provided court-appointed counsel. Because petitioner's claim is not based on a Sixth Amendment violation, the presumption of validity that attaches to a prior conviction is conclusive. Accordingly, petitioner cannot challenge the enhanced sentence in Crim. No. 03-564.

**HEARING**
6 - OPINION AND ORDER

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "'are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Mejia-Mesa,* 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

The petition for habeas corpus, the briefs, and the record in this case conclusively show that petitioner is not entitled to the relief requested under § 2255. Accordingly, an evidentiary hearing is not necessary.

## **CONCLUSION**

Based on the foregoing, petitioner Griffee's Second Amended Motion to Vacate or Correct Sentence [107] under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this   30   day of April, 2009.

     /s/ Ancer L. Haggerty  
     Ancer L. Haggerty  
     United States District Judge